IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTIAN CARTWRIGHT, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-23-1964 |
| CONTOUR MORTAGE CORP. and ARTHUR MOST, | * | |
| | * | |
| *Defendants*. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

Through his Amended Complaint (ECF No. 11), Plaintiff Christian Cartwright ("Plaintiff" or "Cartwright"), a former manager of Defendant Contour Mortgage Corporation's ("Contour") Frederick County, Maryland office, alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. §§ 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. §§ 3-501 *et seq.* against Contour and Contour's Chief Financial Officer ("CFO") Defendant Arthur Most ("Most"), as well as a claim for breach of contract against Defendant Contour. While Contour has filed an Answer to Plaintiff's amended pleading (ECF No. 12), Most has moved to dismiss the claims asserted against him pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons stated herein, Defendant Most's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 13) is GRANTED.

1

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. V. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Except where otherwise indicated, the following facts are derived from Plaintiff's Amended Complaint (ECF No. 11), and accepted as true for the purpose of Defendant Arthur Most's Motion to Dismiss (ECF No. 13).

From May 2020 to April 2023, Plaintiff Christian Cartwright worked for Defendant Contour Mortgage Corporation as the manager of its office in Frederick County, Maryland. (ECF No. 11 ¶¶ 7, 14.) Of import to the instant motion, Cartwright alleges that Defendant Arthur Most is Contour's CFO who "regularly managed the work and services provided by Defendant Contour at its Frederick location, including the work of Plaintiff." (*Id.* ¶¶ 3, 10.) In brief, Plaintiff alleges that he "was to be paid on a salary [of $60,000.00 per year, or $5,000.00 per month] and commission basis," and payment periods were bimonthly. (*Id.* ¶¶ 8–9.) Cartwright alleges that his typical bimonthly payments stopped in or around October 2022. (*Id.* ¶¶ 11–12.) Plaintiff alleges that, between October 2022 and the end of April 2023, he was paid only twice—once on January 31, 2023 and again on April 14, 2023—but those payments represented payment for commissions, not his salary. (*Id.* ¶ 17.) Nevertheless, according to Cartwright, he continued to work sixty to seventy hours per week until the "end of April 2023," "expecting to[] eventually[] be paid [the] owed salary. (*Id.* ¶¶ 11–14.) While Plaintiff alleges that he is currently owed seven months of his salary, (*id.* ¶¶ 14–15), he further alleges that, even if Contour claims that Cartwright agreed to forego a salary or that Contour

unilaterally changed his compensation to no longer include a salary in October 2022, he is still owed greater payments than he has received. (*Id.* ¶ 16.)

On June 15, 2023, Cartwright filed a two-count complaint against both Contour and Most in the Circuit Court for Frederick County, Maryland, asserting one claim for breach of contract against Contour and one claim for wages owed under the MWPCL against Most and Contour. (ECF No. 2.) On July 21, 2023, Defendants Contour and Most filed a notice of removal, invoking this Court's diversity jurisdiction, 28 U.S.C. § 1332. (ECF No. 1.) An Amended Complaint (ECF No. 11) has been filed, through which Plaintiff asserts a claim for minimum wages owed under FLSA and MWHL ("Count II"), overtime owed under FLSA and MWHL ("Count III"), and wages owed under the MWPCL ("Count IV") against Defendants Contour and Most, (*id.* ¶¶ 25–52), as well as a claim for breach of contract asserted only against Defendant Contour ("Count I"). (*Id.* ¶¶ 19–24.) While Contour responded to Plaintiff's Amended Complaint by filing an Answer (ECF No. 12), Defendant Most has moved to dismiss the three counts asserted against him. (ECF No. 13.)

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotations omitted).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

**ANALYSIS**

**I.      Plaintiff Fails to Plead Sufficient Facts to Meet the Economic Realities Test Under the FLSA and MWHL.**

The FLSA conditions liability on the existence of an employer-employee relationship. *See* 29 U.S.C. § 206(a). FLSA's definition of "employer" is expansive, as it "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203 (d); *Falk v. Brennan*, 414 U.S. 190, 195 (1973) (noting the "expansiveness of the [FLSA's] definition of employer"). The MWHL provides the same definition. Md. Code, Lab. & Empl. § 3-401(a). Accordingly, this Court applies the same analysis when considering whether a party is an "employer" under the FLSA and MWHL. *Iraheta v. Lam Yuen*, LLC, DKC 12-1426, 2012

4

U.S. Dist. LEXIS 169901, at *4 (D. Md. Nov. 29, 2012). Specifically, this Court has previously noted that an officer of a corporation is not necessarily an employer for FLSA purposes. *Caseres v. S&R Mgmt. Co.*, No. AW-12-1358, 2012 U.S. Dist. LEXIS 152724, at *3 (D. Md. Oct. 24, 2012).

To determine whether an individual is an "employer" under the FLSA, courts consider "the economic realities of the individual's relationship with the putative employee." *Jahn v. Tiffin Holdings, Inc.*, No. SAG-18-1782, 2020 U.S. Dist. LEXIS 46322, at *3 (D. Md. Mar. 18, 2020) (internal quotations omitted); *see also Newell v. Runnels*, 967 A.2d 729, 771–73 (Md. 2009) (applying the same "economic realities" test under the MWHL). Several factors are considered, including whether the purported employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Rivera v. Mo's Fisherman Exch., Inc.*, No. ELH-15-1427, 2018 U.S. Dist. LEXIS 72857, at *24–25 (D. Md. May 1, 2018) (citation omitted). As this Court held in *Gionfriddo v. Jason Zink, LLC*, 769 F. Supp. 2d 880, 890 (D. Md. 2011), no single factor of this test is dispositive and the court looks to the totality of the circumstances.

Here, Plaintiff fails to allege facts that pass the *Twombly/Iqbal* standard, despite being awarded the opportunity to amend his complaint. In his Amended Complaint, (ECF No. 11) Plaintiff simply alleges "conclusory statements" that only amount to "threadbare recitals of the elements of [the] cause of action." *Iqbal*, 556 U.S. at 678 (citation omitted). For each element of the economic realities test, Plaintiff alleges very little beyond a recitation of those elements. As to the first factor—whether the individual "had the power to hire and fire the

employee," *Rivera*, 2018 U.S. Dist. LEXIS 72857, at *24 (citation omitted)—Plaintiff alleges merely "Plaintiff was, at all times relevant hereto, an employee of the Defendants." (ECF No. 11 ¶ 49; *see also id.* ¶ 10.) Second, as to whether Most "supervised and controlled employee work schedules or conditions of employment," *Rivera*, 2018 U.S. Dist. LEXIS 72857, at *24 (citation omitted), Plaintiff's allegations simply restate the element. (ECF No. 11 ¶ 10 ("Defendants Contour and Most managed and otherwise oversaw the employment of the Plaintiff, including the discipline thereof, his work duties, schedule, [and] conditions of employment"); *see also id.* ¶ 3.) For the third element—"determin[ing] the rate and method of payment," *Rivera*, 2018 U.S. Dist. LEXIS 72857, at *24—Plaintiff makes his most substantive claim, which essentially argues that Most was responsible for ensuring Contour's employees, including Plaintiff, were properly paid. (*See* ECF No. 11 ¶¶ 3, 11, 20, 23, 32, 42–45.) However, a defendant's status as an officer for a company "does not necessarily impart 'employer' liability;" instead, "the analysis turns on the economic realities of the individual's relationship with putative employee." *Scali-Warner v. N&TS Grp. Corp.*, No. DKC-18-1984, 2020 U.S. Dist. LEXIS 41328, at *12–13 (D. Md. Mar. 10, 2020) (citing *Pearson v. Prof'l 50 States Prot., LLC*, No. 09-03232-RDB, 2010 U.S. Dist. LEXIS 113859, at *4 (D. Md. Oct. 26, 2010). Finally, the fourth factor—whether the individual maintained employment record—*Rivera*, 2018 U.S. Dist. LEXIS 72857, at *24, Cartwright falls back into relying solely on conclusory statements. While Plaintiff states that "Defendants also maintained or otherwise controlled the employment records of the Plaintiff," (ECF No. 11 ¶ 10)), he fails to make any specific factual allegations as to this element.

While it is well-settled that, to withstand dismissal, Cartwright must make his allegations in a pleading, such as a complaint or an amended complaint, *Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997), this Court finds it prudent to address the arguments raised in Plaintiff's Response (ECF No. 14)—though these arguments do not differ substantively from his Amended Complaint. Instead, it restates the elements from *Rivera*, 2018 U.S. Dist. LEXIS 72857, at *24, and reiterates the conclusory statements from the Amended Complaint. (*See* ECF No. 14 at 4–6.) While Plaintiffs need not allege facts such to make prima facie showing, district courts retain the ability to demand some degree of specificity in pleading. *Twombly*, 550 U.S. at 558, 569. Plaintiff has failed to allege anything beyond "a formulaic recitation of the elements of a cause of action" that the Supreme Court has made clear "will not do." *Id.* at 555 (citation omitted). Therefore, Cartwright has failed to meet the economic realities test as required to hold an individual liable under the FLSA or the MWHL. Specifically, Counts II and III of Plaintiff's Amended Complaint alleging violations of the Fair Labor Standards Act and the Maryland Wage Hour Law are DISMISSED WITH PREJUDICE as to Defendant Most.

## II. Plaintiff Has Failed to Show That Most was His Employer Under the Maryland Wage Payment and Collection Law Definition

The definition of "employer" under the MWPCL is more restrictive than under the FLSA or MWHL. *Watkins v. Brown*, 173 F.Supp.2d 409, 416 (D. Md. 2011); *Scali-Warner*, 2020 U.S. Dist. LEXIS 41328, at *13 (internal citations omitted). This Court has expressly rejected the economic realities test as the MWPCL standard. *Odjaghian v. EngagePoint, Inc.*, No. JKB-18-0151, 2018 U.S. Dist. LEXIS 112367, at *18–19, n.6 (D. Md. July 5, 2018). Rather, this Court follows its earlier opinion in *Watkins* which gives "employer" its "commonly

7

understood meaning" requiring "some sort of contractual relationship involving the payment of wages in exchange for services." *Watkins* 173 F. Supp. 2d at 414; *see also Pridgen v. Appen Butler Hill, Inc.*, No. JKB-18-61, 2019 U.S. Dist. LEXIS 35283, at *11 (D. Md. Mar. 4, 2019) (citing *Watkins*, 173 F. Supp. 2d at 415–16). Supervisors and officers are not automatically classified as employees under the MWPCL. *Odjaghian*, 2018 U.S. Dist. LEXIS 112367, at *19–20 (holding that the CEO of the company was not Plaintiff's employer under MWPCL because Plaintiffs failed to allege that the CEO had "a contractual relationship involving the payment of wages") (quoting *Watkins*, 173 F. Supp. 2d at 414); *Watkins*, 173 F. Supp. 2d at 414 ("The notion that a supervisor of an employee (who himself is paid a wage by the employer) is somehow responsible for the payment of wages to another employee whom he supervises is inconsistent with the plain language of the statute."). This Court has previously held in *Watkins* that holding supervisors liable would cut against the general purpose and intent of the MWPCL. *Id.* at 415–16.

Here, Plaintiff fails to allege any contractual relationship between himself and Defendant Most. In fact, the only direct reference to a contract includes only Contour, not Most. (ECF No. 11 ¶ 20) ("Defendant Contour contracted Plaintiff to serve as the manager of its Frederick, Maryland office at a salary of $60,000.00 per year, or $5,000.00 per month."). Furthermore, Cartwright omitted Most from his breach of contract claim (Count I), presumably because he recognizes that Most was not a party to a contract with him individually. (*See* ECF No. 11 at 4.) The present facts given by Plaintiff in support of labeling Most an "employer" under the MWPCL are even more sparce than in *Watkins*. In *Watkins*, this Court held that a showing that the general manager for a company, who had the final

approval to hire and fire employees, set pay rates, and sent the Plaintiff's letter of termination was insufficient to show MWPCL liability. *Watkins*, 173 F. Supp. 2d at 411–12, 417. Given the lack of evidence of a contract between Most and Plaintiff, Plaintiff has not met the burden under the MWPCL to show that Most was Plaintiff's "employer." As such, the MWPCL claim (Count IV of the Amended Complaint) is DISMISSED with respect to Defendant Most.

In his Response, Cartwright requests leave to amend his complaint. (ECF No. 14 at 6.) When a plaintiff fails to state a claim, he generally should be given a chance to amend the complaint before the action is dismissed with prejudice. *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013). Nevertheless, dismissal with prejudice is proper if there is no set of facts that the plaintiff could present to support his claim. *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). Cartwright has already been afforded the opportunity to amend his pleadings, but used the opportunity to merely reallege conclusory statements that reiterate the elements of the cause of action. (*Compare* ECF No. 11 *with* ECF No. 2.) This Court finds no good cause to grant him another opportunity. As such, Plaintiff's request for leave to further amend his complaint is DENIED.

## CONCLUSION

For the reasons stated above, Defendant Most's Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 13) is GRANTED.

Date: July 17, 2024

/s/
Richard D. Bennett
United States Senior District Judge